IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STERLING SERVICE GROUP, INC., *et al.*,

Plaintiffs,

v.

SUB-ZERO, INC., *et al.*,

Defendants.

OPINION and ORDER

25-cv-281-jdp

---

Plaintiffs Sterling Service Group, Inc., North East Certified Parts Distribution, LLC, and Pinnacle Appliance Care, LLC, are suing defendants Sub-Zero, Inc. and Wolf Appliance, Inc., for what plaintiffs characterize as alleged breached promises. After the court granted defendants' motion to dismiss all but one of the claims, defendants sent plaintiffs a second set of interrogatories and noticed a Rule 30(b)(6) deposition. The parties corresponded regarding these matters, but plaintiffs did not serve answers to defendants' interrogatories until defendants filed the instant motion to compel, and the deposition date is still unconfirmed. Defendants now ask to compel more fulsome answers to the interrogatories, dates certain for the deposition, and for reasonable fees associated with making this motion.

For the reasons given in this opinion, the court GRANTS defendants' motion, Dkt. 44.

BACKGROUND

The parties in this case are involved in the high-end kitchen appliance industry. Dkt. 1 at 4–5. In April 2025, plaintiffs sued defendants for breach of contract and promissory estoppel relating to representations and promises defendants allegedly made regarding business dealings in Brooklyn, New York. *Id.* at 33–42. In January 2026, the court granted most of defendants'

motion to dismiss, Dkt. 20, leaving a sole claim for promissory estoppel regarding defendants' alleged promise that they would extend certain business opportunities to plaintiffs in their sales territory in Brooklyn.  Dkt. 38 at 2, 13.

Two weeks later, on February 11, 2026, defendants served plaintiffs with a second set of interrogatories, Dkt. 46-1, and a notice of Rule 30(b)(6) deposition, Dkt 46-2.  The second set of interrogatories contained four requests related to plaintiffs' remaining promissory estoppel claim.  *See* Dkt. 46-1 at 4–5.  The notice included a March 17, 2026, deposition date at plaintiffs' counsel's offices and listed seven deposition topics.  Dkt. 46-2.  On February 27, defendants' counsel emailed plaintiffs' counsel asking to discuss rescheduling the deposition to a later date to give defendants more time to consider plaintiffs' responses to the interrogatories ahead of the deposition.  Dkt. 46-3 at 2.  Plaintiffs' counsel agreed to discuss scheduling over the phone "next week," *Id.* at 1, to which defendants' counsel responded by asking for some proposed times for the call, *Id.*

From this point onward, communication and cooperation broke down.  Plaintiffs' counsel did not follow up with a list of proposed times.  Defendants' counsel reached out on March 5 and suggested the deposition be rescheduled to sometime day between March 20–25.  Dkt. 46-4 at 3.  Plaintiffs' counsel never responded.  On March 10, defendants' counsel sent an email indicating a new deposition date of March 24.  *Id.* at 2–3.  Two days later, plaintiffs' counsel responded by countering with potential dates between April 21–23, which defendants' counsel refused, noting the May 1 deadline to file motions for summary judgment.  *Id.* at 1–2.  Plaintiffs' counsel responded by requesting updated deposition notices for March 31 and April 1 and noted that they would attempt to confirm their clients' availability for those dates.  *Id.* at 1.  On March 16, defendants' counsel responded, saying they would send the notices when

the deponent's availability was confirmed, and, after receiving no response, emailed again on March 18 asking for confirmation. *Id.*; Dkt. 36-5 at 1. Plaintiffs' counsel did not respond.

During this same correspondence, defense counsel asked about plaintiffs' interrogatory responses, which plaintiffs had not served by the March 16 deadline. Dkt. 46-6 at 3. Plaintiffs' counsel responded that they would produce their answers after "additional conversations with [their] clients later today and tomorrow[.]" *Id.* Two days later, plaintiffs still had not produced anything. On March 20, defense counsel informed plaintiffs that if they did not receive the answers to the second set of interrogatories and confirmation of the deposition dates by March 23, they would file a motion to compel. *Id.* at 2.

After not receiving the requested discovery and confirmation by March 25, defendants filed this motion to compel on March 26, 2026. Dkt. 44. On April 9, plaintiffs served their responses to defendants' second set of interrogatories at essentially the same time they filed their brief in opposition to the instant motion. Dkt. 48 & 48-1. Defendants filed a motion for leave to file a reply brief, wherein they assert the late-served answers are still deficient for various reasons.[1] Dkts. 49 & 49-1.

It is unclear whether the noticed deposition has been set for a date certain. The deadline for filing dispositive motions is currently May 1, 2026, Dkt. 29 at 3, and trial is scheduled for November 16, 2026, Dkt. 29 at 5.

---

[1] The court has read the reply brief and benefits from its additional argument. As such, defendants' motion to file a reply, Dkt. 49, is GRANTED.

LEGAL STANDARDS

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.*

An interrogatory may relate to any matter permitted under Rule 26(b) and is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(1)–(2); *The Homesteader's Store v. Kubota Tractor Corp.*, No. 24-CV-23-JDP, 2025 WL 4276949, at *8 (W.D. Wis. Feb. 6, 2025). In some instances, a party may respond to an interrogatory under Rule 33(d) by identifying records if reviewing those records would answer the question posed. Fed. R. Civ. P. 33(d). But a Rule 33(d) response will rarely satisfy a "how" contention interrogatory. *Distefano v. Nordic Consulting Partners, Inc.*, No. 23-CV-657-WMC, 2025 WL 2624405, at *2 (W.D. Wis. Sept. 11, 2025).

A party seeking to depose a person must give reasonable written notice to every other party. Fed. R. Civ. P. 30(b)(1). With notice given, the court expects parties to cooperate in the scheduling of depositions for their own witnesses. *Hopp v. MJC Am., Ltd.*, No. 23-CV-325-JDP, 2025 WL 1492890, at *3 (W.D. Wis. Feb. 18, 2025).

ANALYSIS

Defendants seek to compel more fulsome responses to four interrogatories and dates for the Rule 30(b)(6) deposition they attempted to schedule. Dkt. 45 at 7. Defendants also move for reasonable fees incurred in litigating this motion under Rule 37(a)(5)(A). *Id.* at 8. The court addresses each issue in turn.

## A. Interrogatories

Defendants seek more fulsome answers to four interrogatories included in their second set of discovery requests. The court has reviewed the responses provided and finds as follows:

### 1. Rog. No. 19

This interrogatory requests documents reflecting all or portions of the "starting budget of $500,000" plaintiffs described in their amended complaint. Dkt. 46-1 at 4. Plaintiffs object to the request as overbroad and violative of Rule 33. Dkt. 48-1 at 4. Plaintiffs argue that the interrogatory "improperly seeks to shift the burden of analysis onto plaintiffs by requiring them to identify specific documents . . . that purportedly support a particular damages theory," and that the Federal Rules of Civil Procedure "do not require a responding party to marshal evidence, conduct legal analysis, or organize its document production in a manner that advances its opponent's litigation strategy." Dkt. 48 at 3–4.

This argument is not persuasive. Contention interrogatories are allowed by Rule 33 and embraced by precedent. *See Shah v. Inter-Cont'l Hotel Chicago Operating Corp.*, 314 F.3d 278, 283 (7th Cir. 2002) (opining that serving a contention interrogatory would be "the simplest way" for the defendant to obtain "a road map of the plaintiff's suit"). Asking plaintiffs to identify the documents that support the alleged "starting budget" they asserted in their complaint is an appropriate way to seek plaintiffs' contentions on this point. While plaintiffs

have identified certain documents in their response, Dkt. 48-1 at 5, it is not clear these are all-inclusive considering plaintiffs' objections.  To the extent supplementation is required in light of the overruled objections, the court ORDERS plaintiffs to supplement accordingly.  If no other responsive documents exist, plaintiffs should state so in a verified response.

### 2.  Rog. No. 20

This request asks plaintiffs to describe and state the monetary amount of any alleged cost, expense, or loss incurred as a result of their reliance on defendants' alleged promises articulated in the amended complaint.  Dkt. 46-1 at 5.  Plaintiffs objected to the request as overbroad and prematurely seeking expert discovery.  Dkt. 48-1 at 5.

These objections are overruled.  Plaintiffs should be in possession of their own damages theories and related calculations.  Fed. R. Civ. Pro. 26(a)(1)(A)(iii) (requiring a party seeking damages to include computations of each category of damages claimed); *see also Berger v. Wood Cnty. Sheriff's Dep't*, No. 21-CV-454-WMC, 2022 WL 594544, at *2 (W.D. Wis. Feb. 28, 2022) ("Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a computation of each category of damages claimed and the documents or other evidentiary material on which each computation is based.").  Plaintiffs did provide a figure of $30,000,000 with four subcategories but did not include any finer-grain details.  Dkt. 17 at 36.  The court ORDERS plaintiffs to supplement this answer with details sufficient to break out the costs, expenses, and losses associated with each subcategory listed.  While discovery is ongoing and experts may still be developing their opinions, plaintiffs must answer as fulsomely as possible now.  If new information arises, plaintiffs can supplement their answer under Rule 26(e).

### 3. Rog. No. 21

This request asks plaintiffs to identify each document in their production that supports the existence of the costs, expenses, or losses described in response to Interrogatory No. 20. Dkt. 46-1 at 5. Plaintiffs objected to the request on similar grounds to Interrogatories Nos. 19 and 20, arguing that they are "not required to . . . engage in legal analysis to determine what information [plaintiffs] would deem relevant" in defense of their claims for damages. Dkt. 48- 1 at 8.

For the reasons discussed above, plaintiffs' objections are overruled. While plaintiffs identified certain documents in their response, *id.*, again, it is not clear these are all-inclusive considering plaintiffs' objections. Accordingly, to the extent supplementation is required in light of the overruled objections, the court ORDERS plaintiffs to supplement accordingly. If no other responsive documents exist, plaintiffs should state so in a verified response.

### 4. Rog. No. 22

This request asks plaintiffs to state the factual basis underpinning any claims for damages predicated on anything other than the costs, expenses, or losses incurred in reliance on any of the defendants' alleged promises. Dkt. 46-1 at 5.

After objecting to the interrogatory as compound, overly broad, and seeking premature expert discovery, plaintiffs indicated that they were "currently reviewing the potential existence of additional damages" associated with one of the plaintiffs' loss of enterprise value and forced liquidation. Dkt. 48-1 at 9. This statement provides next to no information. As discussed above, the discovery rules require plaintiffs to disclose damages theories and calculations at the outset of the case. Fed. R. Civ. P. 26(a)(1)(A)(iii) & (e). Discovery has been open since August 2025, Dkt. 29, providing plaintiff with ample opportunity to explore, review, and

formalize their damages theories. At this point, plaintiffs should be in a position to provide more than a bald assertion that they are reviewing the existence of additional damages. The court ORDERS plaintiffs to supplement their initial disclosures to include whatever relevant information they currently have regarding these "potential" additional damages.

## B. Deposition

Defendants are entitled to deposition dates, having made several reasonable attempts to notice their available dates and meet and confer to find a time and place amendable to plaintiffs. The court expects parties to cooperate on scheduling depositions for their own witnesses; parties should not have to hound one another for dates certain. *See Tierney v. BNSF Ry. Co.*, No. 23-CV-477-WMC, 2024 WL 4647854, at *4 (W.D. Wis. Oct. 31, 2024) (satisfying the rule does not require multiple attempts to resolve disputes, let alone exhaustive effort). Plaintiffs are ORDERED to promptly provide defendants a list of potential dates to hold the deposition by April 30, 2026.

## C. Fee shifting

The loser of a motion to compel must presumptively pay the other side's expenses, including attorney fees, absent a showing of substantial justification. *See Rickels v. City of S. Bend*, 33 F.3d 785, 786 (7th Cir. 1994); Fed. R. Civ. P. 37(a)(5). This fee-shifting presumption encourages parties to work hard on resolving discovery disputes without court intervention. *Golat v. Wisconsin State Ct. Sys.*, No. 23-CV-719-JDP, 2025 WL 2466697, at *2 (W.D. Wis. Aug. 27, 2025). Having now granted defendants' motion to compel, the court will, "after giving an opportunity to be heard, require the party [] whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

8

**D. Deadline extensions**

Plaintiffs' delay in providing answers to discovery requests and scheduling the deposition has prejudiced defendants' ability to meet the dispositive motion deadline, currently set for May 1, 2026. Dkt. 29 at 3. Recognizing defendants' need for additional time, the court RESETS the dispositive motion deadline from May 1, 2026, to May 28, 2026.

Rule 26(a)(3) disclosures and motions in limine deadlines remain in place and are due October 9, 2026. Dkt. 29 at 5. Likewise, the trial date of November 16, 2026, remains in place. *Id.* at 6.

## ORDER

IT IS ORDERED that:

1. Defendants' motion to compel, Dkt. 44, is GRANTED. Plaintiffs are ORDERED to supplement their responses no later than April 22, 2026.

2. Defendants' motion to file a reply, Dkt. 49, is GRANTED.

3. The dispositive motion deadline is RESET to May 28, 2026.

4. Defendants may submit any request for reasonable expenses incurred in bringing this motion by April 22, 2026. Plaintiffs may file a response no later than 7 days after.

Entered April 15, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge