IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STERLING SERVICE GROUP, INC.,
*et al.*,

                    Plaintiffs,

        v.                                          OPINION and ORDER

SUB-ZERO, INC., and                                 25-cv-281-jdp
WOLF APPLIANCE, INC.,

                    Defendants.

---

Defendants have moved to obtain reasonable expenses incurred in connection with their two motions to compel, Dkts. 31 & 44, under Fed. R. Civ. P. 37(a)(5). Plaintiffs oppose the motion and argue fees are not warranted. For the reasons given below, the court GRANTS in part and DENIES in part defendants' motion, Dkt. 54.

BACKGROUND

The following is a brief recap to contextualize the current motion for fees.

Plaintiffs filed this case in April 2025. Dkt. 1. Defendants filed their first motion to compel in October 2025, Dkt. 31, alleging that plaintiffs "ignored negotiated deadlines, failed to provide proper answers to Sub-Zero's interrogatories, failed to provide any responses to Sub-Zero's requests for production, and ha[d] stopped responding to Sub-Zero's efforts to confer about this dispute." Dkt. 32 at 1. After a telephonic hearing regarding the motion, the court granted in part and denied in part defendants' motion and ordered plaintiffs to provide written responses to requests for production and supplement interrogatory answers. Dkt. 36. The

court reserved on defendants' request for fees and costs "to assess the parties' compliance with their discovery obligations moving forward." *Id.*

In March 2026, defendants filed another motion to compel, Dkt. 44, this time seeking responses to their second set of interrogatories and settled dates for Rule 30(b)(6) depositions of plaintiffs' representatives.  Plaintiffs served their over-due responses to the interrogatories at the same time they filed their brief in opposition to the motion to compel, Dkt. 48-1, and defendants filed a reply contending that plaintiffs' responses were deficient and their objections unfounded.  Dkts. 49 & 50.  The court granted defendants' motion and ordered plaintiffs to supplement their responses to the interrogatories and provide a list of potential dates to hold depositions.  Dkt. 51 at 8–9.  The court prompted defendants to submit requests for reasonable expenses incurred in bringing the motion pursuant to Rule 37(a)(5), to which plaintiffs were allowed to respond.  *Id.*

Defendants filed the instant motion, Dkt. 54, seeking fees under Fed. R. Civ. P. 37(a)(5) for $4,602.00 incurred in connection with their first motion to compel and $7,692.50 in connection with their second.[1]  The motion is fully briefed and ripe for a decision.

## ANALYSIS

Under Rule 37(a)(5)(A), the loser of a motion to compel must presumptively pay the other side's expenses, including attorney's fees, absent a showing of substantial justification. *See Rickels v. City of S. Bend*, 33 F.3d 785, 786 (7th Cir. 1994).  This fee-shifting presumption

---

[1] Defendants filed a motion for leave to supplement their motion for fees, Dkt. 59, to supply certain facts that occurred after defendants filed the instant motion.  The court reviewed the motion and the additional facts and finds good cause to admit them, and so GRANTS defendants' motion to supplement, Dkt. 59, with the associated declaration, Dkt. 60.

encourages parties to work hard on resolving discovery disputes without court intervention. *Golat v. Wisconsin State Ct. Sys.*, No. 23-CV-719-JDP, 2025 WL 2466697, at *2 (W.D. Wis. Aug. 27, 2025). If an order is granted in part and denied in part, like defendants' first motion to compel, the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C)

The court will not order plaintiffs to pay defendants' expenses incurred in bringing their first motion to compel. That motion was denied in part, so Rule 37(a)(5)(A)'s presumption of fee shifting does not apply. The court did hold the question of fee shifting open to assess the parties' discovery performances moving forward. But there was no subsequent issue with plaintiffs' compliance with the court's October 29 order, so the court does not see a sufficient connection between the behavior it was assessing then and present motion for fees.

The court will, however, order plaintiffs to pay defendants' reasonable expenses incurred in bringing their second motion. That motion both prompted plaintiffs to engage in discovery and was granted in full, so Rule 37(a)(5)(A)'s presumption of fee shifting applies; and, for the reasons below, plaintiffs have not persuaded the court that their delay and nonproduction was substantially justified.

Plaintiffs argue that that their delay and non-production were substantially justified because they raised "colorable objections and supplemented responses upon receiving judicial guidance." Dkt. 56 at 3. But this is belied by the record, which shows plaintiffs responded to the outstanding discovery requests only after defendants filed their motion to compel. In fact, plaintiffs served their responses concomitantly with their brief in opposition. *See* Dkts. 48 (plaintiffs' brief in opposition) & 48-1 (plaintiffs' objections and answers to defendants' second set of interrogatories). And prior to the motion's filing, plaintiffs obfuscated, delayed, and

3

occasionally disengaged entirely from defendants' good faith efforts to meet and confer on the sought-after discovery and deposition dates. *See generally* Dkts. 46-1–46-7. In the face of such resistance, when self-help had failed, defendants were right to move to compel. Dkt. 29 at 4 (Pretrial conference order stating "this court also expects the parties to file discovery motions promptly if self-help fails."). Plaintiffs' behavior precipitating defendants' second motion is exactly the kind that Rule 37 fee shifting seeks to disincentivize.

Plaintiffs next argue that fee shifting is not appropriate because they reportedly cured any deficiencies in their production "without requiring a second round of [judicial] enforcement," Dkt. 56 at 5, and that the court "remedied any prejudice to defendants" by extending deadlines as part of its order granting defendants' second motion to compel, *id.* at 4. These arguments misunderstand both the operation and the purpose of Rule 37(a)(5)(A). A court order is not the only trigger for the fee-shifting presumption—responses served in the wake of a provident motion to compel is another. Fed. R. Civ. Pro. 37(a)(5)(A) ("If the motion is granted—or if the . . . requested discovery is provided after the motion was filed . . .). Here, we have both triggers. Plaintiffs did not serve responses until defendants filed their motion to compel, which the court ultimately granted in full.[2] And the presumption is not rebutted by the court taking action to address scheduling complications caused by plaintiffs' discovery abuses. Defendants are not seeking expenses to reimburse them for a scheduling change. They

---

[2] The court ordered plaintiffs to supplement the late-served responses. Notably, defendants represent that plaintiffs failed to timely comply with this order, serving their supplemental responses at 5:20 p.m. two days after the court-ordered deadline, and unverified by a corporate representative. Dkt. 60. The mistake was rectified, and proper service of responses completed, five days after the deadline. *Id.*

are seeking fees to reimburse them for the billable hours spent drafting, filing, and litigating their successful motion to compel, Dkts. 55-1 & 55-2.

Finally, plaintiffs contend that defendants' asserted fees "lack indicia of reasonability." Dkt. 56 at 6. They argue that this was a routine discovery motion that presented "straightforward" issues governed by well settled law that did not warrant "layered staffing." *Id.* Plaintiffs take further issue with the "block-billed entries" that "obscure the time spent on discrete tasks." *Id.* Plaintiffs conclude that defendants' approach warrants reduction because the court cannot meaningfully assess reasonableness. *Id.*

The court disagrees. Considering only defendants' second motion—the only one for which the court is assessing fees—counsel represents that they spent a total of 16.2 hours on the motion, brief in support, reviewing plaintiffs' response to the motion, and the reply brief. Dkt. 55-2. Two days of work to draft and finalize two briefs and review a third is reasonable in light of the circumstances, and the resulting hourly rate is not disproportionate in light of other fee awards the court has ordered.

The court is not persuaded that plaintiffs' actions regarding defendants' second motion to compel were substantially justified, and so the court must order plaintiffs to pay the reasonable expenses defendants incurred. Because the discovery failures appear to be more attributable to counsel, these expenses shall be assessed against plaintiffs' counsel.

ORDER

IT IS ORDERED that:

1. Defendants' motion for attorney fees, Dkt. 54, is GRANTED in part and DENIED in part in line with this order.

2.  Pursuant to Rule 37(a)(5)(A), plaintiffs' counsel must pay defendants $7,692.50 for expenses associated with defendants' second motion to compel, Dkt. 44, within 30 days of this order.

3.  Defendants' motion to supplement, Dkt. 59, is GRANTED.

Entered June 8, 2026.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge

6