IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STERLING SERVICE GROUP, INC.,
NORTH EAST CERTIFIED PARTS DISTRIBUTION, LLC,
and PINNACLE APPLIANCE CARE, LLC,

                      Plaintiffs,                                 OPINION and ORDER

        v.                                                        25-cv-281-jdp

SUB-ZERO, INC. and WOLF APPLIANCE, INC,

                      Defendants.

Defendants move for an extension of time to file their answer to plaintiffs' amended complaint. Dkt. 52. The court may extend the time to file an answer even after the time to do so has expired if a party shows (1) that there is "good cause" and (2) that the party failed to act because of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

"Good cause" focuses on the diligence of the party seeking the extension. *Cf. Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (Rule 16(b) context). Counsel for defendants avers that he discovered on April 13, 2026, that defendants had not filed an answer to plaintiffs' amended complaint. Dkt. 53, ¶ 9. Defendants filed their extension motion and attached a proposed answer on April 21, 2026. Dkt. 52. Defendants acted diligently after discovering that they failed to file a timely answer. The court concludes that there is good cause for an extension.

"Excusable neglect" focuses on whether the party seeking the extension offers a meaningful explanation for missing the relevant deadline. *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chicago*, 926 F.3d 427, 432 (7th Cir. 2019) (per curiam). To determine whether there is "excusable neglect," courts must consider "all relevant circumstances surrounding the

party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). Plaintiffs' response to defendants' motion focuses on the potential prejudice and the reason for the delay.

Plaintiffs argue that granting defendants' motion would unduly prejudice them because their strategy for discovery relied on an assumption that defendants conceded liability by failing to file an answer. *See* Dkt. 57, at 7–8. Counsel for plaintiffs avers that he believed that defendants' "technical default was recognized in practice between the parties" and that the matter was proceeding only on the issue of damages. Dkt. 58, ¶ 25. Counsel also avers that, if plaintiffs had known that defendants would seek an extension, then plaintiffs would have pursued motions to compel responses to discovery requests related to liability and would have "conduct[ed] deposition examinations differently." *Id.*, ¶¶ 8, 27.

But plaintiffs' prejudice argument is undermined by declarations submitted by defendants. Counsel for defendants avers that plaintiffs served their only written discovery in November 2025. Dkt. 64, ¶ 3. Defendants served their responses to plaintiffs' discovery requests on February 4, 2026, supplemented their answers to interrogatories on February 13, and addressed contested discovery responses in detail in a letter to plaintiffs' counsel on February 27. Dkt. 53, ¶ 6. And the February 27 letter indicates that the issue of liability was alive and well—not that this case was proceeding only on damages, as plaintiffs contend. *See* Dkt. 53, Ex. 1, at 2 ("Plaintiffs need to demonstrate that their discovery ties to at least one of those elements of their [promissory estoppel] claim. Your letter fails to do that."). Counsel for defendants also avers that plaintiffs also have not taken any depositions and have not proposed taking any depositions. Dkt. 64, ¶ 2. Nor did plaintiffs object to liability-related topics during defendants' depositions of the plaintiffs. *Id.*, ¶ 8.

If plaintiffs were truly banking on defendants' failure to file an answer, then they should have moved for entry of default pursuant to Fed. R. Civ. P. 55(a). But they didn't. Any prejudice to plaintiffs resulting from defendants' belated answer is minimal.

Plaintiffs also argue that defendants do not give a sufficient reason for their delay. *See* Dkt. 57, at 5–7. Counsel for defendants avers that he discovered that defendants had not filed an answer to plaintiffs' amended complaint "while reviewing issues for upcoming depositions and a potential summary judgment motion." Dkt. 53, ¶ 9. Stated another way, despite diligently working the case, defendants apparently forgot to file an answer. That was a mistake. But there is no evidence that defendants intentionally withheld their answer to plaintiffs' amended complaint or that their failure to file an answer was due to counsel's inattentiveness. *See Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) ("[A]ttorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant."). Instead, while counsel was busy responding to plaintiffs' discovery requests, the deadline to file an answer slipped by them. The court will excuse counsel's mistake.

## ORDER

IT IS ORDERED that defendants' motion for extension of time to file answer, Dkt. 52, is GRANTED.

Entered July 17, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

3